# UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

U.S.A. vs. Tina M. Battko                                            Docket No. 5:10-CR-86-1FL

### Petition for Action on Probation

COMES NOW Debbie W. Starling, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Tina M. Battko, who, upon an earlier plea of guilty to Theft of Government Property, in violation of 18 U.S.C. § 641, was sentenced by the Honorable Louise W. Flanagan, U.S. District Judge, on August 13, 2010, to a 60-month term of probation under the standard conditions adopted by the court and the following additional conditions:

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

3. The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 180 consecutive days. The defendant shall be restricted to residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant shall pay for electronic monitoring services as directed by the probation officer.

4. The defendant shall consent to a warrantless search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

5. The defendant shall not go on or enter any Armed Forces Exchange facility during the probationary term and shall surrender military identification card for this restriction to be noted thereon.

6. The defendant shall not go on or enter the Fort Bragg Military Reservation or Pope Air Force Base during the probationary term.

7. While under supervision in the Eastern District of NC, the defendant shall participate in the DROPS Program and, in response to detected illegal drug use, shall be confined in the custody of the Bureau of Prisons for a period not to exceed 30 days of intermittent confinement, as arranged by the probation office, in the following increments: First Use - Two Days; Second Use - Five Days; Third Use - Ten Days.

8. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

On October 28, 2010, the defendant's conditions of probation were modified (due to drug use and financial hardship) to include the following additional conditions:

9. In lieu of the two-day DROPS sanction, the defendant will be allowed to enter an inpatient treatment facility for the treatment of substance abuse and mental health issues.

10. The defendant's monthly restitution payment be reduced from $75 to $25 per month.

11. The U.S. Probation Office will assume financial responsibility for the electronic monitoring fees.

On October 29, 2010, a Violation Report was submitted to the Court advising the defendant was charged with Contributing to the Delinquency of a Minor. The charge was subsequently dismissed and supervision was continued. On May 23, 2012, a Violation Report was submitted to the Court advising that the defendant was charged with Driving While License Revoked and Failure to Secure Passenger Under the Age of 16, as well as failure to pay monies (which did not appear willful). She was continued on supervision.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** The defendant relocated to the Middle District of Florida in June 2012, and supervision was assumed in that district. On January 6, 2014, the supervising officer in the Middle District of Florida, contacted this probation officer and advised that the defendant had become homeless, had tested positive for the use of opiates, and would be returning to the Eastern District of North Carolina for supervision. On December 10, 2013, the defendant tested positive for opiates and admitted that she took a Dilaudid pill without a valid prescription. On January 3, 2014, she tested positive for opiates and signed a statement admitting that she took a 15 mg morphine pill. She advised she had a valid prescription for this medication but the prescription was over six months old. The probation officer is requesting records to verify the status of her medication.

Prior to her departure from the Middle District of Florida, it was determined that the defendant had failed to return rental property to Rent a Center in Palm Bay, Florida. She was instructed to resolve the issue prior to returning to North Carolina. However, it appears the matter was not resolved and a warrant for Fail to Redeliver Personal Property Over $300 was issued. Upon her return to this district, she reported to the probation office on January 15, 2014, at which time she was advised of the warrant. Local authorities were notified, and she was taken into custody for extradition to Florida. However, officials in Florida later modified the warrant from full extradition to surrounding states and the defendant was released. The defendant advised that she rented a washer, dryer, and television from Rent a Center, and payments were debited from her account on a monthly basis. However, due to her financial situation, the payments were not made. When she was made aware of the matter, she states she arranged for a friend in Florida to meet a representative from Rent a Center to return the property. She admits that she should have been more responsible and ensured this was resolved prior to her returning to North Carolina. She expresses remorse over her irresponsibility and states she had no intention of keeping the property. She has been instructed

Tina M. Battko
Docket No. 5:10-CR-86-1FL
Petition For Action
Page 3

to resolve the matter as soon as possible, and the probation officer is continuing to investigate the circumstances surrounding this charge.

The defendant has expressed a desire to resume mental health and substance abuse counseling. She is currently taking medication for mental health issues, and has been referred to Integrated Behavioral Healthcare Services for evaluation, medication monitoring, substance abuse and mental health counseling.

In an effort to allow the defendant an opportunity to get the necessary treatment and secure employment, as well as serve as a punitive sanction, it is respectfully recommended that her conditions of supervision be modified to include home detention, not to exceed 180 days. This sanction would be in lieu of the 5-day DROPS sanction.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that probation be modified as follows:

The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 180 consecutive days. The defendant shall be restricted to residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.

Except as herein modified, the judgment shall remain in full force and effect.

| | |
|---|---|
| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
| /s/ Robert L. Thornton | /s/ Debbie W. Starling |
| Robert L. Thornton | Debbie W. Starling |
| Supervising U.S. Probation Officer | U.S. Probation Officer |
| | 310 Dick Street |
| | Fayetteville, NC 28301-5730 |
| | Phone: (910) 483-8613 |
| | Executed On: February 4, 2014 |

**Tina M. Battko**
**Docket No. 5:10-CR-86-1FL**
**Petition For Action**
**Page 4**

## ORDER OF COURT

Considered and ordered this  5th   day of  February      , 2014, and ordered filed and made a part of the records in the above case.

*/s/ Louise W. Flanagan*
Louise W. Flanagan
U.S. District Judge